U S DISTRICT COURT
EASTERN ... ARKANSAS

SEP 1 1 2006

JAMES W. McCORMACK CLERK
By: _____ DEP CLERK

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 1

# UNITED STATES DISTRICT COURT

| EASTERN | District of | ARKANSAS |
|---|---|---|

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| **V.** | |
| STEPHANIE YVONNE JONES | |

Case Number:        4:05CR00251-001  SWW

USM Number:        23866-009

LISA G. PETERS
Defendant's Attorney

## THE DEFENDANT:

**X** pleaded guilty to count(s)    5 of the Indictment

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §1029(a)(2) | Use of an Unauthorized Access Device, a Class C Felony | 05/05 | 5 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

**X** Count(s)    1-4 of Indictment    is    **X** are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

SEPTEMBER 7, 2006
Date of Imposition of Judgment

_Signature of Judge_

SUSAN WEBBER WRIGHT, United States District Judge
Name and Title of Judge

SEPTEMBER 11, 2006
Date

AO 245B    (Rev. 06/05) Judgment in Criminal C
           Sheet 2 — Imprisonment

Judgment --- Page     2     of     6

DEFENDANT:          STEPHANIE YVONNE JONES
CASE NUMBER:        4:05CR00251-001 SWW

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:

**37 MONTHS to be served consecutive to the undischarged term defendant is serving in the Arkansas Department of
Correction.**

X The court makes the following recommendations to the Bureau of Prisons:

**IF DEFENDANT IS ELIGIBLE AND IF APPROPRIATE FOR DEFENDANT,** the Court recommends that defendant
participate in non-residential substance abuse treatment, educational and vocational programs and mental health counseling
during incarceration.

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐   at _____   ☐ a.m.   ☐ p.m.   on _____   .

☐   as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐   before 2 p.m. on _____   .

☐   as notified by the United States Marshal.

☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____   to _____

at _____   , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B   (Rev. 06/05) Judgment in a Criminal     ;
        Sheet 3 — Supervised Release

DEFENDANT:     STEPHANIE YVONNE JONES
CASE NUMBER:   4:05CR00251-001 SWW

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

## THREE (3) YEARS

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of

     future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a

     student, as directed by the probation officer. (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

  1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

  2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

  3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

  4)  the defendant shall support his or her dependents and meet other family responsibilities;

  5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

  6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

  7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

  8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

  9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B      (Rev. 06/05) Judgment in a Criminal ᴄ ᴀ ᴇ
             Sheet 3A — Supervised Release

DEFENDANT:        STEPHANIE YVONNE JONES
CASE NUMBER:      4:05CR00251-001 SWW

## ADDITIONAL SUPERVISED RELEASE TERMS

1. Defendant shall participate in mental health counseling under the guidance and supervision of the U. S. Probation Office.

2. Defendant shall disclose financial information upon request of the U. S. Probation Office, including, but not limited to, loans, lines of credit, and tax returns. This also includes records of any business with which defendant is associated. No new lines of credit shall be established without prior approval of the U. S. Probation Office. Defendant shall have no credit cards at all in her name or in anyone else's name.

Judgment — Page    5    of    6

DEFENDANT:          STEPHANIE YVONNE JONES
CASE NUMBER:        4:05CR00251-001 SWW

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ None | $ 16,625.17 |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Citibank | | 2,428.72 | |
| Morgan Stanley | | 1,010.00 | |
| Target Financial Services | | 10,150.89 | |
| Discover Financial Services | | 719.98 | |
| Capital One | | 302.00 | |
| Exxon | | 708.67 | |
| US Bank | | 102.00 | |
| Wells Fargo | | 148.24 | |
| Sears Credit Card Services | | 278.67 | |
| Carolyn Halbrook | | 20.00 | |
| Virginia Neill | | 56.00 | |
| Jodi Feland | | 100.00 | |
| Anna Evans | | 300.00 | |
| Della Scroggins | | 300.00 | |

**THE COURT ORDERED
RESTITUTION TO BE
AS SET OUT ON THE
ATTACHED EXHIBIT A.**

| **TOTALS** | $ 0 | $ 16625.17 |
|---|---|---|

☐  Restitution amount ordered pursuant to plea agreement $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X  the interest requirement is waived for the    ☐ fine    X  restitution.

    ☐  the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:      STEPHANIE YVONNE JONES
CASE NUMBER:    4:05CR00251-001 SWW

Judgment — Page  6  of  6

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  **X**  Lump sum payment of $ ___100.00___ due immediately, balance due

☐ not later than _____ , or
☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  **X** F below; or

B  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  **X**  Special instructions regarding the payment of criminal monetary penalties:

The restitution imposed is payable during incarceration and supervised release. During incarceration, defendant will pay 50 percent per month of all funds that are available to her. During community confinement placement, payments will be reduced to 10 percent of defendant's gross monthly income. Beginning the first month of supervised release, payments will be 10 percent per month of defendant's monthly gross income.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.



UNITED STATES POSTAL INSPECTION SERVICE

HOUSTON DIVISION

**Case #: 0590-1528217-MTL(2)**
**Reference: Stephanie Jones**

| Victim: | Address: | Loss: |
|---|---|---|
| **Citibank**<br>Reference: Acct #<br>5424-1807-8220-1476 | Citicorp Credit Services, Inc.<br>Fraud Investigations<br>14700 Citicorp Drive<br>Hagerstown, MD 21742 | $2,428.72 |
| **Morgan Stanley**<br>Reference: Acct #<br>338-43285 | 425 W. Capitol, Suite 200<br>Little Rock, AR 72201 | $1010.00 |
| **Target Financial Services**<br>Reference: Acct # (s)<br>9-334856-981-90<br>4352375065586812 | PO Box 1422 5CX<br>Minneapolis, MN 55416 | $10,150.89 |
| **Discover Financial Services**<br>Reference: Acct #<br>6011-0063-1551-3516 | PO Box 15048<br>Wilmington, DE 19850-5046 | $359.99 |
| **Capital One**<br>Reference: Acct #<br>5291492554250163 | PO Box 85582<br>Richmond, VA 32260 | $302.00 |
| **Exxon**<br>Reference: Acct #<br>7302 4260 0739 1326 | GE Money Bank<br>Fraud Recovery Department<br>PO Box 8404<br>Mason, OH 45040 | $708.67 |
| **US Bank**<br>Reference: Acct #<br>4428284194001299 | Card Member Services<br>PO Box 790408<br>St. Louis, MO 63179-0408 | $102.00 |
| **Wells Fargo**<br>Reference: Acct#<br>151801121-394 | 2324 Overland Ave.<br>Billings, MT 59102 | $148.24 |
| **Sears Credit Card Services**<br>(Citi Cards)<br>Reference: Acct #<br>5121-0797-1787-6749 | PO Box 182156<br>Columbus, OH 43218-2156 | $278.67 |

*Handwritten annotations in left margin:*
Evans →  (Citibank)
Njull → (Morgan Stanley)
! croyynli (Target Financial Services)
Halbrook → (Discover Financial Services)
Feland → (Capital One)
Jull → (Exxon)
Evans → (US Bank)
Evans → (Wells Fargo)
Feland → (Sears Credit Card Services)

*Handwritten annotations near Loss column:*
VISA  CHARGES
8380.14
1486.50 C.
284.85

719.98
ALTell

LITTLE ROCK DOMICILE
PO BOX 15058
LITTLE ROCK, AR 72231-5058
TEL: (501) 945-6720
FAX: (501) 945-6729

EXHIBIT A

- 2 -

Carolyn Halbrook                                                    $20.00      25.00 PD
                        Sherwood, AR 72120

Virginia Neill                                                     $56.00      PD Report
                        Little Rock, AR 72212

Jodi Feland                                                       $100.00      PD Report
                        Cammack Village, AR 72207

Anna Evans                                                        $300.00
                        N. Little Rock, AR 72116                               PD Report
                                                                              #295

Della Scroggins                                                   $300.00      PD "
                        Sherwood, AR 72120

                                                              _____
                                                              $16,265.18

                                                                    16,625.17