**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES | * | |
| | * | |
| VS. | * | NO: 4:05CR00251-001  SWW |
| | * | |
| STEPHANIE YVONNE JONES | * | |

**ORDER**

On February 16, 2006, Defendant Stephanie Yvonne Jones pleaded guilty to identity theft, and on September 11, 2006, the Court sentenced Defendant to 37 months' imprisonment. Now before the Court is Defendant's *pro se* motion seeking modification or reduction of her sentence (docket entry #29).  After careful consideration, and for the reasons that follow, the motion will be denied.

Defendant seeks relief pursuant to 18 U.S.C. § 3582(c), based on Amendment 709 to the United States Sentencing Guidelines, adopted by the United States Sentencing Commission on November 1, 2007.[1]   Amendment 709 addresses how certain prior offenses may be counted in calculating a defendant's criminal history category.

Section 3582(c)(2) permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing

---

[1] Defendant asserts that, in light of "the Criminal History Category (Amendment 12) to the Sentencing Guidelines[,]" the Court has the discretion to reduce her sentence.  The Court assumes that Defendant refers to Amendment 709, adopted by the Sentencing Commission on November 1, 2007.

1

Commission. Because Defendant was sentenced after November 1, 2007, Amendment 709 must be applied retroactively in order to affect Defendant's sentence. However, Amendment 709 is not listed in Guideline § 1.B1.10(c), which lists all retroactive Guideline Amendments. Accordingly, Defendant's motion to modify or reduce sentence under 18 U.S.C. § 3582(c) (docket entry #29) is hereby DENIED.

    IT IS SO ORDERED THIS 3RD DAY OF MARCH, 2009.

    /s/Susan Webber Wright
    UNITED STATES DISTRICT JUDGE